# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0014 | **DATE** | 4/1/2011 |
| **CASE TITLE** | Terrance Smith (#2010-0727242) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed on his amended complaint. The Clerk is directed to file the amended complaint, and to add "Dr. Jane Doe" as a Defendant. Defendants' motion for enlargement of time [19] is granted. The five Defendants represented by counsel are directed to answer or otherwise respond to the amended complaint by 4/25/11. The Clerk is directed to issue summons for service on Defendant Raba by the U.S. Marshal. As Raba is no longer employed at the jail, the Marshal must obtain Raba's last-known address. The Clerk is directed to mail Plaintiff another copy of the Court's filing instructions. The status conference previously scheduled for 4/7/11 is re-set to 4/28/11 at 8:30 a.m. Defendants' counsel should make arrangements for plaintiff Terrance Smith to appear via telephone for the 4/28/11 status hearing. Counsel should contact the courtroom deputy, 312/435-5879, by 4/27/11 with the contact information.

■ **[For further details see text below.]**                                                                                  **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the jail, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs (including a bladder infection, boils, and bed sores), and by failing to accommodate his disability (Plaintiff is partially paralyzed).

    Plaintiff has submitted an amended complaint, which passes a threshold review under 28 U.S.C. § 1915A. However, Plaintiff is cautioned that he must identify "Dr. Jane Doe" before the two-year statute of limitations expires. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

    Those Defendants who are already represented by counsel are directed to answer or otherwise plead by April 25, 2011.

    The Clerk is directed to issue summons for service of the amended complaint on Defendant Raba. The United States Marshals Service is appointed to serve Raba. Any service forms necessary for Plaintiff to complete
**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

will be sent by the Marshal as appropriate to serve Defendant Raba with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant Raba. As Raba reportedly no longer works at the Cook County Jail, *see* unexecuted return of service (document no. 7), the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant Raba in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

As a final concern, Plaintiff is reminded of basic filing requirements: he must (1) provide the Court with the original plus a judge's copy of every document filed; and (2) include a certificate of service with every court filing showing that a copy was mailed to opposing counsel. The Clerk will provide Plaintiff with another copy of the Court's filing instructions. In the future, the Court may strike without considering any document filed that fails to comport with these basic filing rules.